IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NELSON GAITAN-AYALA, ET AL., ) | CIVIL NO. 08-00249 SOM-LEK |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| CONTRERAS & CAMPA, LLP, ET ) | |
| AL., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**FINDINGS AND RECOMMENDATION TO GRANT
PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT ON PROOF AS
TO DEFENDANTS CONTRERAS & CAMPA, LLP AND DRAGO CAMPA**

Before the Court is the Motion for Default Judgment on Proof as to Defendants Contreras & Campa, LLP and Drago Campa ("Motion"), filed on August 29, 2008 by Plaintiffs Nelson Gaitan-Ayala, Anabelis Gaitan, and Erika Gaitan (collectively "Plaintiffs"). Defendants Contreras & Campa, LLP and Drago Campa (collectively "Defendants") have not responded to the Motion or otherwise appeared in this case. This matter came on for hearing on September 30, 2008. Appearing on behalf of Plaintiffs was Eric Seitz, Esq. After careful consideration of the Motion and the relevant legal authority, this Court HEREBY FINDS and RECOMMENDS that Plaintiffs' Motion be GRANTED for the reasons set forth below and that an evidentiary hearing be held to determine the amount of Plaintiffs' damages.

## BACKGROUND

On May 31, 2007, Plaintiff Nelson Gaitan-Ayala and several others were indicted in Criminal Number 07-00268 JMS ("Criminal Action"). Gaitan-Ayala was arrested in Las Vegas, Nevada on or about June 7, 2007. According to the Complaint in the instant case, Campa traveled to Las Vegas after Gaitan-Ayala's arrest and met with Plaintiffs. They reached an oral agreement that Campa would represent Gaitan-Ayala in the Criminal Action ("Oral Agreement"). Defendants and Plaintiffs never executed a written retainer agreement. Plaintiffs allege that, while Campa was in Las Vegas, he also met with the family members of some of Gaitan-Ayala's codefendants. Campa allegedly offered to represent them in addition to Gaitan-Ayala, but did not inform Gaitan-Ayala, his codefendants, or their family members about the potential conflict of interest this might cause or about each defendant's right to his own attorney. [Complaint for Damages, filed 5/28/08 ("Complaint"), at ¶¶ 7-11.]

Pursuant to the Oral Agreement, Plaintiffs made periodic payments to Defendants between June and November 2007 totaling in excess of $80,000.00. Plaintiffs claim that Defendants used some of this money to pay for the representation of other persons without Plaintiffs' prior knowledge and/or consent. Plaintiffs also allege that Defendants did not file or prepare any substantive motions for Gaitan-Ayala's defense in the

Criminal Action, nor did they engage in any significant pretrial preparations during that period. [Id. at ¶¶ 12-15.] Plaintiffs claim that Defendants "provided virtually no legal assistance or representation of any value" to Gaitan-Ayala. [Id. at ¶ 15.] The Complaint states that: "In or about January, 2008, Defendants' services to Plaintiff Nelson Gaitan-Ayala were terminated as the prosecutor and federal magistrate (sic) were about to and/or already had initiated motions to disqualify Defendants due to conflicts of interest, incompetence, and/or misconduct in the pending criminal proceedings . . . ."[1]  [Id. at ¶ 14.] Plaintiffs also allege that, despite repeated demands, Defendants have failed to provide: 1) any files, records, documents, notes, or other work product from their representation of Gaitan-Ayala; or 2) an accounting of the monies Plaintiffs paid them. [Id. at ¶¶ 16- 17.]

     The Complaint alleges the following claims: breach of the Oral Agreement; malpractice; unjust enrichment; and misrepresentation. Plaintiffs assert diversity jurisdiction because they are citizens of Nevada and Defendants are citizens of California. [Id. at ¶¶ 3-5.] The Complaint seeks: general,

---

[1] United States Magistrate Judge Barry M. Kurren denied Campa's application for admission *pro hac vice* in the Criminal Action on September 5, 2007. Anthony Contreras and Campa appeared for Gaitan-Ayala at the June 15, 2007 arraignment, but Contreras did not submit an application for admission *pro hac vice*. Contreras was terminated as counsel of record on October 4, 2007.

special, and punitive damages to be proven at trial; attorney's fees and costs; and other appropriate relief.  [Id. at 8.]

Plaintiffs' counsel served the Complaint and summons on Defendants on June 26, 2008.  According to the docket sheet, Defendants' answer was due on July 16, 2008.  Defendants did not file an answer and Plaintiffs obtained an entry of default on August 19, 2008.  The instant Motion followed.

### DISCUSSION

#### I.   Default Judgment

"'The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'"  TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977)).  A plaintiff who obtains an entry of default, however, is not entitled to default judgment as a matter of right.  See Warner Bros. Entm't Inc. v. Caridi, 346 F. Supp. 2d 1068, 1071 (C.D. Cal. 2004).  Default judgments are disfavored; cases should be decided on the merits if possible.  See In re Roxford Foods, Inc., 12 F.3d 875, 879 (9th Cir. 1993).  Thus, "any doubts as to the propriety of a default are usually resolved against the party seeking a default judgment."  VonGrabe v. Sprint PCS, 312 F. Supp. 2d 1313, 1319 (S.D. Cal. 2004) (citing Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985)).

In determining whether to grant default judgment, a court should consider the following factors:

> (1) the possibility of prejudice to the plaintiff,
> (2) the merits of the plaintiff's substantive claim,
> (3) the sufficiency of the complaint,
> (4) the sum of money at stake in the action,
> (5) the possibility of a dispute concerning material facts,
> (6) whether the default was due to excusable neglect, and
> (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Warner Bros., 346 F. Supp. 2d at 1071-72 (quoting Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986)).

The factors that the Court must consider in deciding whether to grant default judgment fall largely in Plaintiffs' favor: (1) Defendants' failure to answer or otherwise appear in this action prejudices Plaintiffs' ability to achieve a decision against them; (2) Plaintiffs have demonstrated that Defendants agreed to represent Gaitan-Ayala in the Criminal Action and that Defendants breached that agreement and have been unjustly enriched by the payments Plaintiffs made pursuant to the agreement; (3) Plaintiffs have demonstrated that Defendants' acts and omissions fell below the standard of care for legal representation; (4) Plaintiffs have demonstrated that Defendants made material misrepresentations to Plaintiffs which they relied upon to their detriment; and (5) there is a significant amount of damages at stake.

Two of the seven factors are neutral because Defendants have failed to answer or otherwise participate in this litigation: (1) the possibility of a dispute concerning material facts, and (2) whether the default was due to excusable neglect. The last factor, the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits, favors denial of the Motion.  This Court finds that, on balance, the record favors granting default judgment.  This Court therefore RECOMMENDS that the district judge GRANT Plaintiffs' request for default judgment against Defendants.

**II.  Damages**

Default judgment may be entered "without a hearing on damages when the amount claimed is capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits."  <u>Taylor Made Golf Co. v. Carsten Sports, Ltd.</u>, 175 F.R.D. 658, 661 (S.D. Cal. 1997) (citing <u>Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.</u>, 722 F.2d 1319, 1323 (7th Cir. 1983)).  Such evidence is not available in the existing record.  This Court therefore RECOMMENDS that an evidentiary hearing be held to determine the amount of Plaintiffs' damages.

**CONCLUSION**

On the basis of the foregoing, this Court FINDS and RECOMMENDS that Plaintiffs' Motion for Default Judgment on Proof as to Defendants Contreras & Campa, LLP and Drago Campa, filed

August 29, 2008, be GRANTED.  The Court RECOMMENDS that the district judge: 1) grant default judgment in favor of Plaintiffs and against Defendant; and 2) hold an evidentiary hearing to determine the amount of Plaintiffs' damages.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, September 30, 2008.



　　　　　　　　　　　　　　　 /S/ Leslie E. Kobayashi
　　　　　　　　　　　　　　　Leslie E. Kobayashi
　　　　　　　　　　　　　　　United States Magistrate Judge

**NELSON GAITAN-AYALA, ET AL. V. CONTRERAS & CAMPA, LLC, ET AL.; CIVIL NO. 08-00249 SOM-LEK; FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT ON PROOF AS TO DEFENDANTS CONTRERAS & CAMPA, LLP AND DRAGO CAMPA**