IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| NELSON GAITAN-AYALA; ANABELIS GAITAN; and ERIKA GAITAN, | ) ) ) | CIVIL NO. 08-00249 SOM/LK |
| Plaintiffs, | ) ) | ORDER REGARDING NELSON GAITAN-AYALA'S APPLICATION |
| vs. | ) ) | FOR WRIT OF ASSISTANCE |
| CONTRERAS & CAMPA, LLP; and DRAGO CAMPA, | ) ) ) | |
| Defendants. | ) ) | |

**ORDER REGARDING NELSON GAITAN-AYALA'S
APPLICATION FOR WRIT OF ASSISTANCE**

On November 28, 2008, Plaintiffs Nelson Gaitan-Ayala, Anabelis Gaitan, and Erika Gaitan obtained a Judgment in their favor and against Defendants Contreras & Campa, LLP, and Drago Campa in the amount of $100,000. *See* ECF No. 19.

Nearly 13 years later, on June 7, 2021, Gaitan-Ayala asked this court to issue a Writ of Assistance under Rule 70(d) of the Federal Rules of Civil Procedure. *See* ECF No. 25.

On June 9, 2021, this court asked for supplemental briefing to be filed by July 8, 2021, on the subject of the timeliness of the Application. When the court did not timely receive that supplemental brief, the court terminated the Application and considered the matter concluded. *See* ECF No. 27.

On July 13, 2021, the court received Gaitan-Ayala's supplemental brief, explaining that he has been incarcerated and arguing that the ten-year period for enforcing judgments in

Hawaii was extended under section 657-13 of the Hawaii Revised Statutes given his status as a prisoner.  Gaitan-Ayala placed his document into the prison mail system on July 6, 2021.  Considering his pro se and incarcerated status, this court accepts the supplement and now turns to his Application for Writ of Assistance.

This court is concerned that Gaitan-Ayala may have a misunderstanding about what help this court can provide.  Any misunderstanding is understandable given the name of the writ.  In fact, a writ of assistance is a court order usually served by the U.S. Marshals Service.  The U.S. Marshals Service describes a writ of assistance as follows:

> an order directing that a party convey, deliver, or turn over a deed, document, or right of ownership.  This writ, which may also be called a writ of restitution or writ of possession, usually serves as an eviction from real property.  In addition, if a judgment directs a party to execute a conveyance of land, to deliver a deed or other document, or to perform any other specific act, and the party fails to comply within the time specified, the court may direct the act to be done by some other person appointed by the court at the cost of the disobedient party.  Where so performed, the act has like effect as if done by the party.

https://www.usmarshals.gov/process/assistance.htm (last visted July 15, 2021).

Rule 70, which provides for writs of assistance, is designed "to deal with parties who seek to thwart judgments by

refusals to comply with orders to perform specific acts." 12 C. Wright, A. Miller, & R. Marcus, *Federal Practice & Procedure*, Civil 3d § 3021 (2014). "Rule 70 is designed to preclude recalcitrant parties from frustrating court orders and permits the court upon application of a party to divest title in property within the jurisdiction of the court and vest it in others." *Rivers by Rivers v. Schweiker*, 692 F.2d 871, 874 (2d Cir. 1982)

To the extent Gaitan-Ayala expects the U.S. Marshals Service and/or this court to conduct an investigation or to advocate for him, his expectation is ill-founded. A writ of assistance can issue to help a party collect a judgment only after that party identifies the object(s) to be collected and ensures that they are located within the jurisdiction of this court. The same would apply to an application for a writ of execution, which "is a process issued by the court directing the U.S. Marshal to enforce and satisfy a judgment for payment of money. (Federal Rules of Civil Procedure 69)." https://www.usmarshals.gov/process/execution-writ.htm (last visited July 15, 2021). Gaitan-Ayala cannot obtain a writ of assistance based on an assumption that the U.S. Marshals Service or this court will assist him in investigating what assets Campa has and figuring out where the assets are. This court can only "assist" by issuing orders that allow the U.S. Marshals Service

to seize property after Gaitan-Ayala satisfies the requirements set forth earlier in this paragraph.

Gaitan-Ayala's Application for Writ of Assistance attaches a copy of what purports to be a lien on a California property where Drago Campa apparently lives. This court passes no judgment with respect to the validity of that lien. However, assuming that Campa lives in California, this court lacks the power to issue writs of assistance with respect to California property. Instead, assuming that Campa lives in California, Gaitan-Ayala would have to register or "domesticate" his Hawaii judgment in California and then use California law with respect to having a court in California issue an order enforcing the judgment against Campa. This court cannot advise Gaitan-Ayala with respect to that process and instead encourages him to contact an attorney licensed to practice law in California with experience in the collection of judgments.

Of course, before spending additional time, money, and effort in attempting to enforce his judgment, Gaitan-Ayala should consider whether Campa has assets from which the judgment may be collected. If, for example, a bank has a mortgage on the property that predates Gaitan-Ayala's judgment against Campa, Gaitan-Ayala may want to consider the amount of that mortgage as compared to the value of the property. If there is a co-owner to that property, Gaitan-Ayala may want to consider the co-owner's

4

rights.  Additionally, Gaitan-Ayala may want to explore the State Bar of California's Client Security Fund, 845 South Figueroa Street, Los Angeles, CA  90017-2515, 213-765-1140, which reimburses clients of attorneys who have lost money or property due to theft or dishonest conduct by a California lawyer.  *See* [http://www.calbar.ca.gov/Public/Complaints-Claims/Client-Security-Fund](http://www.calbar.ca.gov/Public/Complaints-Claims/Client-Security-Fund) (last visted July 15, 2021).  This court is not saying that Gaitan-Ayala is eligible for reimbursement from that fund and leaves it to Gaitan-Ayala to explore any time limits or other requirements for claims made to that fund.

The Clerk of Court is directed to serve this order on 1) Gaitan-Ayala, USM # 42049-048, Giles W. Dalby Correctional Facility, 805 North Avenue F, Post, Texas 79356; 2) Law Office of Eric A. Seitz, The Block - Mililani Bldg., 820 Mililani St., Ste. 520, Honolulu, HI 96813; 3) Anabelis Gaitan, c/o Law Office of Eric A. Seitz, The Block - Mililani Bldg., 820 Mililani St., Ste. 520, Honolulu, HI 96813; 4) Erika Gaitan, c/o Law Office of Eric A. Seitz, The Block - Mililani Bldg., 820 Mililani St., Ste. 520, Honolulu, HI 96813; 5) Drago Campa, 17117 Gunnerson St., Lake Elsinore, CA 92530; and 6) Contreras & Campa and Drago Campa, 633 W. 5th Street, Ste. 2600, Los Angeles, CA 90071.  It is not clear whether Seitz continues to represent Gaitan-Ayala.

As a final note, this court cautions Gaitan-Ayala that he shares the $100,000 judgment with two other Plaintiffs who may

claim some or all of anything he obtains from Campa, provided those other Plaintiffs are not time-barred or otherwise restricted from collecting the judgment.  At this point, unless Gaitan-Ayala (1) identifies the assets he wants assistance in seizing, and (2) establishes that those assets are located in Hawaii or held by a person or entity in Hawaii, this court cannot assist Gaitan-Ayala and will take no further action relating to a writ of assistance.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 15, 2021.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge